AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Indiana

| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| | ) | 1:20-mj-0071 |
| | ) | |
| Dejean Phelps | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____December 9, 2019_____ in the county of _____Marion_____ in the

___Southern___ District of _____Indiana_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm By a Convicted Felon |

This criminal complaint is based on these facts:

**See attached affidavit.**

☑ Continued on the attached sheet.

_____
*Complainant's signature*

David B. McDaniel, TFO, ATF
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____01/23/2020_____

_____
*Judge's signature*

City and state: _____Indianapolis, IN_____

Mark J. Dinsmore, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

I, David B. McDaniel, Task Force Officer, being duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Your Affiant is a Task Force Officer (TFO) with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), a component of the United States Department of Justice, and has served in that capacity since 2008. Your Affiant is currently assigned to the Indianapolis Group I Field Office – Achilles Task Force and is charged with investigating violations of federal firearms, explosives, and arson laws, as well as offenses enumerated in Titles 18 and 26 of the United States Code. Your Affiant is a Detective for the Indianapolis Metropolitan Police Department (IMPD) and has been employed with IMPD since November 1995.

2. As a law enforcement officer, your Affiant has participated in investigations involving homicides, aggravated batteries, serious violent felons, firearms, drug trafficking, robberies, and financial crimes, among other matters. Your Affiant has also testified in judicial proceedings and prosecutions for violations of comparable state law. Your Affiant received their initial training at the Indianapolis Metropolitan Police Department Academy in 1995. Your Affiant has satisfied the minimum basic training requirements established by rules adopted by the law enforcement training board under I.C. 5-2-1-9 and described in I.C. 35-37-4-5. Your Affiant has completed Basic Detective School through the Indianapolis Police Department and has attended various narcotics trainings both locally and through the United States Department of Justice. Your Affiant has received Quarterly Firearms Training (held in Indianapolis) and yearly in-service training (held in Indianapolis).

3.    This affidavit is submitted in support of a criminal complaint charging DEJEAN

PHELPS (date of birth XX/XX/1985 and Social Security Number XXX-XX-2899) with

Unlawful Possession of a Firearm by a Convicted Felon in violation of Title 18, United States

Code, Section 922(g)(1).   The information contained in the below numbered paragraphs is

either personally known to your Affiant or told to your Affiant by other law enforcement

officers.

## PROBABLE CAUSE

4.    On Monday December 9, 2019, at approximately 6:08 P.M., Indianapolis

Metropolitan Police Department (IMPD) Officers Ryan Enochs and Jonathan Phelps were

dispatched to 970 North Arlington Avenue to investigate several reports of gunshots fired.

While in route to the location, a caller advised dispatch that a black male wearing a dark jacket,

hood over his head, and white shoes was walking eastbound on St. Joseph Street from

Arlington Avenue.

5.    Upon arrival in the area, Officer Enochs located a person matching the description of

the suspect walking on Sheridan Avenue with his hands in his jacket pockets.  Sheridan Avenue

is one block east of Arlington Avenue.  Officer Enochs turned his fully marked police vehicle's

emergency lights on and exited his vehicle, ordering the suspect to show him his hands.  The

suspect, later identified as Dejean PHELPS, responded by turning around and running

westbound into the side yard of 6160 East 9th Street.

6.    Officer Enochs pursued PHELPS and observed him toss an orange pill bottle into

bushes.  Officer Enochs drew his handgun and ordered PHELPS to show his hands.  PHELPS

responded by putting his left hand in the air but rapidly placed his right hand into the breast of

his coat. Officer Enochs ordered PHELPS to remove his hand from his coat. PHELPS then pulled out an additional orange pill bottle and threw it to the right, into the bushes along the sidewalk leading to the residence. PHELPS then began walking towards Officers who had their handguns drawn.

7.    Officers attempted to detain and handcuff PHELPS but PHELPS began to engage in a physical altercation with the officers. Once in handcuffs, PHELPS shoved his shoulder into one of the officers, striking the Officer in the chest and causing pain and discomfort. PHELPS then attempted to head butt an Officer but was eventually detained. Officer Enochs learned that PHELPS had an active warrant issued out of Hancock County, Indiana, for dealing marijuana under cause number 30C01-1810-F5-002144.

8.    During a search incident to arrest, Officer Jonathan Phelps located a white bottle with a red lid containing two plastic baggies. One baggie contained a white powdery substance believed to be narcotics and the other baggie contained a large quantity of white rectangular pills later identified to be alprazolam, a schedule IV narcotic. Officer J. Phelps also located a small baggie containing a brown rock like substance believed to be narcotics, a digital scale and plastic straw.

9.    Officer J. Phelps read PHELPS his *Miranda* Rights and asked if he understood his rights. PHELPS stated that he understood his *Miranda* Rights and wanted to speak to Officers. PHELPS admitted to officers that one of the substance found on him (PHELPS) was indeed heroin and was his for personal use. PHELPS also stated that he started shooting because someone was trying to take his drugs so he fired warning shots at that individual.

10.   While officers were attempting to place PHELPS in a police jail van for transport to the jail, PHELPS was able to grab the bag containing the suspected heroin off of Officer J.

Phelps' patrol vehicles trunk and attempted to conceal it in his hand. Officers ordered PHELPS to open his hand. PHELPS then dropped the baggie onto the pavement and attempted to step on it and flee.

11. Officer Nathan Quinn responded to 900 block of North Arlington, the location of the shots fired complaint, and located nine spent 9mm shell casings. Officer Quinn also discovered that a round had gone through the front door of a residence in the 900 block of North Arlington while the resident was inside. Officers located the two orange pill bottles that Officer Enochs observed PHELPS throw, along with a silver over black Smith & Wesson 9mm handgun, model SD 9 VE, bearing serial number FWF1714, laying in the same area as the pill bottles. Officers also located an iPhone that PHELPS dropped during his fight with Officers. Officers collected the handgun and found it to contain one live round of ammunition and an empty magazine.

12. PHELPS has sustained the following felony convictions for crimes punishable by more than one (1) year of imprisonment:

   a. Dealing in Marijuana a level 6 felony in Hancock County (Indiana) under cause number 30C01-1810-F5-002144, on or about March 4, 2019; and/or

   b. Intimidation where threat is to Commit a Forcible Felony a Level 6 felony in Hamilton County (Indiana) under cause number 29D04-1703-F6-002175, on or about March 29, 2018; and/or

   c. Resisting Law Enforcement where Defendant uses a Vehicle to Commit the Offense a Level 6 felony and Possession of a Narcotic Drug a level 6 felony in Marion County (Indiana) under cause number 49G14-1611-F6-043848, on or about April 4, 2017.

13. The Smith & Wesson 9mm handgun described above was not manufactured in the state of Indiana. By virtue of its presence in the State of Indiana, therefore, the firearm had to have been transported or shipped in interstate or foreign commerce.

14. At the time PHELPS possessed the Smith & Wesson 9mm handgun, PHELPS knew that he was a convicted felon and could not possess the handgun.

15. All of the above-described events occurred in the Southern District of Indiana, Indianapolis Division.

## CONCLUSION

16.   Based upon the above described facts, information, observations, and training, your Affiant believes probable cause exists to charge and arrest Dejean PHELPS for Unlawful Possession of a Firearm by a Convicted Felon, in violation of Title 18, United States Code, Section 922(g)(1).  Accordingly, your Affiant requests this Court issue a Criminal Complaint charging PHELPS with this crime along with a warrant for his arrest.

Respectfully submitted,

David B. McDaniel, Task Force Officer
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to before me this 23rd day of January, 2020.

The Honorable Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana